[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17547
Non-Argument Calendar
_____

D.C. Docket No. 3:16-cr-00083-LSC-TFM-4


UNITED STATES OF AMERICA,

                                            Plaintiff – Appellee,

versus

JACINTO TARON ROBINSON,

                                            Defendant – Appellant.


_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(December 8, 2017)

Before TJOFLAT, WILLIAM PRYOR, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Jacinto Taron Robinson appeals his 180-month sentence imposed after a jury convicted him of carjacking, in violation of 18 U.S.C. § 2119, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). First, he appeals his convictions, arguing that the government presented insufficient evidence to prove he willfully participated in the carjacking or he knew one of his co-defendants would use a gun. Second, he argues that even if his convictions are valid, his sentence is unreasonable because it exceeds the sentence imposed on another codefendant Robinson believes is more culpable and similarly situated in age and criminal history. For the reasons that follow, we affirm.

## I.

In August 2014, Robinson's co-defendant Stanley Hinton, using an alias, posted an ad on Craigslist for the sale of a 1989 Mercury Grand Marquis. Jeffrey Allen responded to the ad and eventually purchased the car from Hinton for $2,000. During the sale, Hinton introduced Robinson to Allen as his "brother." Two weeks later, Allen decided to return the vehicle for $1,800 because Hinton never sent him the vehicle title and because the rims were not included in the purchase price as advertised. He contacted Hinton, and they agreed to meet near a gas station to make the exchange.

Allen's cousin Elicia Allen[1] followed behind Allen in her own car, and she and Allen both testified at trial as to the events that followed. As Allen and Elicia arrived, Hinton and Robinson were waiting in a Dodge Charger with two other people, one of whom was later identified as Delricco Jones. Robinson and Jones were both seated in the back seat of the Charger. Upon Allen's arrival, Hinton and Robinson got out of the Charger and approached Allen. Hinton told Allen that he wanted Robinson, who was a mechanic, to examine the car before they made the exchange. Robinson claimed to have heard a tapping noise from the engine, opened the hood to examine it, and then asked to drive the car around the gas station to ensure it was in good condition. Allen agreed and stepped into the passenger's seat. Robinson began to drive, and as he reached the back of the gas station, he accelerated abruptly. Allen feared Robinson would drive the car away with him, so he hurriedly grabbed the gear shift and placed the car in park.

Jones, who up until this time had remained in the Charger, left the Charger and walked up to the passenger side of the Marquis where Allen was seated. He then pointed a gun at Allen and told him to get out of the car. Fearing for his life, Allen leapt from the car, and Jones took his place in the passenger seat. Robinson then sped away in the Marquis, followed by Hinton and the other person in the Charger.

---

[1] To avoid confusion, we refer to Elicia Allen as "Elicia" in this opinion.

At trial, a detective who interviewed Robinson testified that Robinson initially denied ever being present at the scene but then changed his story to say that he went only as a mechanic to examine the Marquis. Robinson allegedly told the detective that he got back into the Charger after examining the Marquis and that Jones had actually been the one to drive the Marquis around the gas station. At trial, the prosecution also admitted an audio recording of Robinson offering an account confirming Allen's story.

A grand jury indicted Robinson and his three co-defendants on two counts: (1) aiding and abetting a carjacking, in violation of 18 U.S.C. § 2119 and 18 U.S.C. § 2 and (2) aiding and abetting the brandishing and using of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) and 18 U.S.C. § 2. Robinson pled not guilty.

A jury found Robinson guilty on both counts. The district court sentenced Robinson to 96 months in prison for Count I and 84 months in prison for Count II, to be served consecutively for a total of 180 months. The court denied Robinson's motion for reconsideration of the sentence. Robinson now appeals.

## II.

We review sufficiency of the evidence de novo, drawing all reasonable inferences and credibility choices in favor of the government. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). We will not overturn a guilty

4

verdict unless, based on the record evidence, no trier of fact could have found the defendant guilty beyond a reasonable doubt. *United States v. Silvestri*, 409 F.3d 1311, 1327 (11th Cir. 2005).

Where a defendant helps to bring about only one part of the whole offense, he has helped to bring about the commission of the whole crime as an aider and abettor. *Rosemond v. United States*, 134 S. Ct. 1240, 1247 (2014). For a defendant to be guilty of aiding and abetting a crime, the government must prove that the defendant "associated himself" with the underlying crime, "wished to bring it about," or otherwise sought to make the crime succeed by his actions. *United States v. Sosa*, 777 F.3d 1279, 1292 (11th Cir. 2015) (quotations omitted). The defendant must take an affirmative action in furtherance of the crime with the intent to facilitate its commission. *Id.*

To satisfy the intent required for aiding and abetting, a defendant must, independent of the affirmative-act requirement, actively participate in the commission of the crime "with full knowledge of the circumstances" that constitute the whole offense. *Rosemond*, 134 S. Ct. at 1248-49. As difficulty exists with proving a defendant's state of mind with direct evidence, a jury may make inferences from circumstantial evidence. *United States v. Jernigan*, 341 F.3d 1273, 1279 (11th Cir. 2003); *United States v. Pantoja-Soto*, 739 F.2d 1520, 1524-

25 (11th Cir. 1984) (in a sufficiency-of-the-evidence analysis, the elements of aiding and abetting may be proven by either direct or circumstantial evidence).

Here, Robinson claims that the government did not present enough evidence for the jury to find beyond a reasonable doubt that he willfully participated in the carjacking. He argues that he was present at the scene in only his capacity as a mechanic and that Allen threw the car into park because he was paranoid as a result of frequent marijuana use.

The jury, however, was free to reject Robinson's version of events and make reasonable inferences in the government's favor in light of the substantial amount of circumstantial evidence. *See United States v. Williams*, 390 F.3d 1319, 1324-25 (11th Cir. 2004). Robinson was present at the initial sale of the Marquis and was falsely introduced as Hinton's brother. He was also present at the attempted return of the car, acted as a mechanic, and participated in the ruse to get into the driver's seat. He then rapidly accelerated the car, did not withdraw once Jones drew a firearm, and fled from the scene driving the stolen car. Robinson also lied to detectives about his participation. The jury could have reasonably inferred from these facts that Robinson was no mere spectator of the carjacking but rather committed acts in furtherance of the carjacking, demonstrating his willful participation. *See Sosa*, 777 F.3d at 1292.

6

Robinson also challenges his conviction for aiding and abetting the brandishing of a firearm, contending that the government did not set forth sufficient evidence to prove he knew Jones would use a firearm in the commission of the offense.  When a defendant is charged with brandishing a firearm in the commission of a violent crime under 18 U.S.C. § 924(c), a defendant must actively participate in the commission of the crime with "advance knowledge" that his confederate would bring a firearm to carry out the crime.  *Rosemond*, 134 S. Ct. at 1249.  If a defendant continues the commission of a crime after a gun has been drawn or used, a jury may reasonably infer from his failure to object or withdraw that he had such advance knowledge.  *Id.* at 1250 n.9.  Accordingly, when knowledge of a firearm arises after the commission of the crime has begun, this circumstance is sufficient to support a conviction for aiding and abetting.  *United States v. Seabrooks*, 839 F.3d 1326, 1335 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2265 (2017).

While no direct evidence exists that Robinson knew Jones had a gun, the government presented sufficient circumstantial evidence from which the jury could have reasonably inferred he knew about the weapon.  First, Robinson sat in the backseat of the Charger with Jones when they arrived at the gas station, so it is reasonable to infer that he knew Jones was carrying a gun to the scene of the crime.  But even if Robinson did not see the gun before, he certainly saw Jones point the

7

gun at Allen while in the Marquis, and instead of withdrawing, Robinson sped away with the gunman in the passenger seat. Even though this occurred after the carjacking had already begun, the jury could have reasonably inferred from Robinson's failure to object or withdraw that he had the advance knowledge that Jones intended to use a gun during the commission of the carjacking. *See Rosemond*, 134 S. Ct. at 1250, n.9.

Accordingly, we affirm Robinson's convictions on both counts.

### III.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence bears the burden of proving it is unreasonable "in light of the entire record, the § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

To impose a substantively reasonable sentence, a district court must consider all of the § 3553(a) factors. *Id.* at 1254. We will give due deference to the district court's decision of how much weight to give any one § 3553(a) factor. *Id.* at 1254-56. While reasonableness of a guideline sentence is not presumed, we expect that such a sentence is, in fact, reasonable when it is based on the record and the § 3553(a) factors. *United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015).

Nevertheless, a district court must consider unwarranted sentencing discrepancies when it reviews the § 3553(a) factors. 18 U.S.C. § 3553(a)(6). This factor requires that the two defendants be similarly situated. *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). Even so, a disparity between sentences of codefendants is "generally not an appropriate basis for relief on appeal," because many of the differences between codefendants are considered in the guideline range calculation. *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

Here, Robinson claims that his 180-month sentence is unreasonable because the balance of the § 3553(a) factors required the district court to "avoid unwarranted sentence disparities" among co-defendants. In particular, Robinson argues that his sentence is unreasonable because Hinton's sentence is 120 months despite his being similarly situated in age and criminal history and his having played a larger role in the carjacking.

But the district court did not abuse its discretion because it properly considered the facts in the record as well as the § 3553(a) factors. The district court expressly considered Robinson's history and characteristics and afforded this factor more weight over the others, as it has discretion to do. *See Rosales-Bruno*, 789 F.3d at 1256. It concluded that Robinson's sentence was appropriate based on

9

his extensive criminal history, which included prior firearm offenses in 2010 and 2013, theft by receiving stolen property, and fleeing arrest.

In its order denying Robinson's motion for reconsideration of his sentence, the district court properly considered Robinson's arguments regarding sentence disparities between Robinson and his codefendants.  It noted that while it could have varied downwardly to give Robinson a sentence more similar to Hinton's, it had determined that the § 3553(a) factors, particularly the criminal history, warranted Robinson's 180-month sentence. The imposed sentence fell within the guideline range, creating the expectation that such a sentence, based on the record, is reasonable, even though it differed from Hinton's sentence. *See Alvarado*, 808 F.3d at 496.  Furthermore, it appears that Robinson did not present any evidence that he and Hinton were similarly situated, which the district court explained it would not know because a different judge had sentenced Hinton.  Thus, Robinson's sentence is substantively reasonable.

## IV.

Accordingly, we affirm Robinson's convictions and sentence imposed below.

**AFFIRMED.**

10